IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. 17-387-1 |
| | : | CIVIL ACTION NO. 18-1791 |
| JOHN RAYMOND MELENDEZ | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                                                                                      July 28, 2022

      The right to a direct appeal after conviction and sentencing is fundamental. While a defendant can validly waive that right as part of a guilty plea agreement, that does not excuse counsel from filing a timely appeal if requested by the defendant. Here, the movant is seeking habeas relief under 28 U.S.C. § 2255 after being sentenced to 262 months of incarceration following his plea to a drug offense. He raises a myriad of alleged deficiencies by his plea counsel, including a claim that counsel abandoned him and did not file a requested appeal from his sentence, and seeks a resentencing. After a hearing, the court is convinced that the movant's claim that his plea counsel was ineffective in failing to file a direct appeal is meritorious and, as such, he is entitled to have his direct appeal rights reinstated.

      **I.    PROCEDURAL HISTORY AND FINDINGS OF FACT**

      On July 1, 2017, the movant, John Raymond Melendez ("Melendez"), was charged by information with one count of possession with intent to distribute 50 grams or more of methamphetamine, 28 grams or more of cocaine base/cocaine, and heroin, and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(B), (b)(1)(C) and 18 U.S.C. § 2. *See* Doc. No. 18. On August 22, 2017, after he waived indictment by the grand jury, this court arraigned Melendez, and he pleaded guilty to the one count in the information pursuant to a plea agreement.

*See* Doc. No. 21. A guilty plea hearing followed, during which the court engaged in a detailed colloquy to ensure that Melendez understood, *inter alia* (1) the terms of the plea agreement, including the appellate waiver; (2) the elements of the offense and agreed his conduct met those elements; (3) the rights he was waiving, including his right to a trial; and (4) the maximum sentenced that could be imposed. *See* Tr. of Arraignment and Guilty Plea at 6–46, Doc. No. 53. The court found that Melendez's waiver of his direct and collateral appeal rights was entered into knowingly and voluntarily and did not work a miscarriage of justice; and accepted the guilty plea finding that it also was entered knowingly and voluntarily. *See id.* at 46–47.

On January 12, 2018, this court sentenced Melendez to a period of incarceration of 262 months to be followed by 60 months of supervised release. The sentence fell at the low end of the advisory sentencing range of 262–327 months. *See* Doc. Nos. 26, 28, 52. After imposing the sentence, the court advised Melendez of his appellate rights. *See* Tr. of Sentencing Hr'g at 26–27, Doc. No. 52.

What happened next is best gleaned from the testimony of Melendez and plea counsel at the hearing on Melendez's most recent counseled amended habeas petition pursuant to 28 U.S.C. § 2255. *See* Doc. No. 72. From the testimony of both Melendez and his plea counsel, it was clear that at the conclusion of the sentencing hearing, Melendez expressed his dissatisfaction with the sentence. He turned to his counsel after the sentence was imposed and stated, "we need to appeal this." *See* Tr. of Def.'s Testimony at Evid. Hr'g ("Tr. I") at 21, Doc. No. 79. No direct appeal was forthcoming. Seven days after sentencing, Melendez filed a *pro se* letter for reconsideration and a downward departure. *See* Doc. No. 29. His plea counsel was still counsel of record; yet, no direct appeal was filed nor a request for extension of time to file a notice of appeal. The time to file a notice of appeal expired shortly thereafter. *See* Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a

defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal.").

Three months later, on April 27, 2018, Melendez, proceeding *pro se*, filed a motion to vacate/set aside/correct sentence under 28 U.S.C. § 2255. *See* Doc. No. 30. After direction from the court, Melendez refiled his motion using the correct standard form on May 14, 2018. *See* Doc. Nos. 31, 32. There was an inordinate delay in getting this matter to a hearing once the court determined one was necessary and appointed counsel to represent Melendez on October 7, 2019. *See* Doc. No. 40. Over the course of the next 18 months, the court rescheduled the hearing at the request of Melendez or his counsel (and once because plea counsel failed to appear as a witness) and reset deadlines due to multiple changes in Melendez's representation and requests for additional time to file amended section 2255 motions. *See* Doc. Nos. 43, 44, 47, 48, 57, 61, 63, 64, 67, 68, 69, 70, 71.

On June 4, 2021, Melendez filed the instant amended section 2255 motion. *See* Doc. No. 72. In response, the government filed a motion to dismiss Melendez's amended motion on June 10, 2021. *See* Doc. No. 73. The court held an evidentiary hearing on July 14, 2021, during which both Melendez and plea counsel testified. *See* Doc. Nos. 79, 81.

Melendez credibly testified that at the conclusion of the sentencing hearing, he told counsel, "We need to appeal this." *See* Tr. I at 21. Plea counsel testified that he did not specifically recall Melendez ever explicitly asking him to file an appeal, but that in the commotion following the sentence, it was possible Melendez did in fact request that he file an appeal. *See* Tr. of Evid. Hr'g ("Tr. II") at 31, Doc. No. 81. Plea counsel did distinctly recall one of Melendez's family members telling him that they would hire another lawyer going forward. *See id*. Plea counsel also

3

recalled speaking with Melendez by telephone shortly after the sentencing, during which Melendez asked how to obtain the sentencing hearing transcript and never asked plea counsel to file an appeal. *See id.* at 31–33. Instead, plea counsel was left with the impression that Melendez intended to file his own appeal. *See id*. Melendez denies ever speaking with plea counsel after the sentencing. *See* Tr. I at 22.

Based on the credible testimony of Melendez that he did convey to counsel a request to file an appeal and the attendant supporting actions in filing a *pro se* letter motion for reconsideration within a week of sentencing and a *pro se* section 2255 motion three months later; and the equivocal testimony of plea counsel on this point, the court specifically finds it is more likely than not that Melendez adequately notified his plea counsel that he wanted to file an appeal. Nevertheless, no appeal was filed.

## II.     DISCUSSION

### A.     Claims in the Competing Motions

In his amended section 2255 motion, Melendez argues that he is entitled to relief due to ineffective assistance by plea counsel. *See* Am. Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence at ECF pp. 3–9, Doc. No. 72. Melendez contends that plea counsel's alleged ineffective assistance nullifies his waiver of appellate rights, because the waiver was not knowing and voluntary. *See id*. at ECF pp. 6–7. He also asserts numerous other alleged deficiencies with his guilty plea representation.[1] *See id*. at ECF pp. 4–9. One of these alleged deficiencies is that plea counsel failed to file a direct appeal upon Melendez's request. *See id*. at ECF p. 6.

---

[1] These include plea counsel allegedly (1) failing to appear at the presentence report ("PSR") interview, (2) not reviewing the contents of the PSR with Melendez after receiving the initial draft from the probation department, (3) not filing a response to the PSR and failing to object to the classification of Melendez as a career offender, (4) failing to respond to calls from Melendez and his family, (5) not informing Melendez that he might be classified as a career offender prior to the guilty plea, (6) not arguing that the sentence recommended by the career offender guideline is greater than necessary to serve sentencing purposes, (7) failing to file a timely appeal post sentencing despite being instructed to do so, (8) not preparing a sentencing memorandum, (9) not consulting with Melendez until the day of

4

Contrary to Melendez's position, the government argues in its motion to dismiss that Melendez did not ask his counsel to file a direct appeal, and thus his plea counsel's failure to file a notice of appeal did not constitute ineffective assistance of counsel. *See* Gov't Mem. of Law in Supp. of Mot. of U.S. to Dismiss Am. Mot. to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 at 9, Doc. No. 73. Additionally, the government argues Melendez knowingly and voluntarily waived his appellate rights when he pleaded guilty. *See id.* at 11–15. The government also contends that no exception to the waiver applies and that there was no miscarriage of justice. *See id.* at 18–21.

For reasons discussed below, the court will not delve into the parties' claims outside of Melendez's plea counsel's failure to file a notice of appeal following sentencing. Melendez's other arguments pertaining to ineffective assistance of counsel are more properly addressed on direct appeal.

### B.    Legal Standard Applicable to Section 2255 Motions

Section 2255 allows an individual serving a federal sentence to "move the court which imposed the sentence to vacate, set aside or correct the sentence" based

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). Ultimately,

> [i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of

---

sentencing, (10) not supplying Melendez with the contents of discovery, (11) failing to inform Melendez that he could not withdraw his plea once it was accepted by the court, (12) not calculating Melendez's criminal history category, (13) promising Melendez a sentence of ten years, (14) telling Melendez that the government would not use his prior offenses against him, and (15) failing to make arguments or objections relating to the career offender designation. *See id.* at ECF pp. 4–9.

> the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

*Id.* § 2255(b).

In addition, when seeking collateral relief under section 2255,

> ["]a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). Because of the great interest in finality of judgments, an error which may "justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio*, 442 U.S. 178, 184, 99 S.Ct. 2235, 2240, 60 L.Ed.2d 805 (1979); *Frady*, 456 U.S. at 164, 102 S.Ct. at 1592-93. Indeed, "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *Timmreck*, 441 U.S. at 784, 99 S.Ct. at 2087 (footnote omitted). This is because "'the concern that unfair procedures may have resulted in the conviction of an innocent defendant is only rarely raised by a petition to set aside a guilty plea.'" *Id.* (quoting *United States v. Smith*, 440 F.2d 521, 528-29 (7th Cir.1971) (Stevens, J., dissenting)).

*United States v. Cleary*, 46 F.3d 307, 310 (3d Cir. 1995) (internal footnote omitted).

Moreover,

> a motion pursuant to 28 U.S.C. § 2255 is reviewed much less favorably than a direct appeal of the sentence. [*Frady*, 456 U.S. at 167–68]. Indeed, relief under § 2255 is available only when "the claimed error of law was 'a fundamental defect which inherently results in a complete miscarriage of justice,' and ... 'present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)).

*United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014).

### C.    Analysis

The court agrees with Melendez that his plea counsel's failure to file an appeal when asked to do so constitutes ineffective assistance of counsel. *Strickland* sets forth the standard for an ineffective-assistance-of-counsel claim and requires that a "petitioner must show (1) 'counsel's performance was deficient,' and (2) 'the deficient performance prejudiced the defense.'" *Ross v.*

6

*Superintendent Pine Grove SCI, et al.*, No. 19-3947, 2022 WL 2816797, at *2 (3d Cir. July 19, 2022) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

As to the first prong, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). As explained above, the court finds Melendez's testimony credible in that he told his plea counsel he wished to file an appeal directly following the sentencing. Thus, Melendez has established the first *Strickland* requirement.

Turning to the second *Strickland* prong, prejudice is presumed when "an attorney's deficient performance costs a defendant an appeal that the defendant would have otherwise pursued." *Garza v. Idaho*, 139 S. Ct. 738, 742 (2019). Whether a defendant signed an appellate waiver is irrelevant to this inquiry:

> [W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal, with no need for a further showing of his claims' merit, regardless of whether the defendant has signed an appeal waiver.

*Id*. at 747 (internal citation and quotations omitted). Accordingly, Melendez has established ineffective assistance of counsel on the part of his plea counsel, who failed to file a notice of appeal after being explicitly asked to.

In the alternative, even if the court were persuaded by the government's interpretation of events, in which Melendez never explicitly asked his plea counsel to file an appeal, the court would still find that plea counsel breached his duty to consult with Melendez about filing an appeal. In this regard,

> [i]n *Flores-Ortega*, the Supreme Court set forth the legal framework for claims alleging that counsel was ineffective for failing to file a direct appeal where the defendant had not given explicit instruction concerning an appeal. In such situations, a judge must consider whether counsel consulted with the defendant.

7

> The Court held that counsel must "consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."

*Id*. (quoting *Flores-Ortega*, 528 U.S. at 480). By all accounts, including plea counsel's, the sentence of 262 months came as a surprise to Melendez.[2] Melendez and his family members also expressed a clear intent to pursue an appeal immediately following the sentencing. At the very least, plea counsel should have been put on notice by the alleged telephone call from Melendez following sentencing, during which plea counsel testified that Melendez asked plea counsel various questions about requesting the sentencing hearing transcript. Melendez reasonably demonstrated to plea counsel that he was interested in appealing, and therefore plea counsel's failure to consult with Melendez about appealing amounts to ineffective assistance of counsel.

Melendez has established ineffective assistance of counsel on the part of his plea counsel for (1) failing to file a notice of direct appeal or (2) failing to consult with him about appealing under the circumstances. Accordingly, Melendez is entitled to having his direct appeal rights reinstated. Therefore, the court will deny the government's motion to dismiss and grant Melendez's amended section 2255 motion insofar as it claims ineffective assistance of counsel for failure to file a notice of direct appeal.

---

[2] During the evidentiary hearing, plea counsel testified as follows when asked what Melendez's reaction was for getting a sentence of 262 months:

> A[nswer]: Shock. I was – he was upset, I was upset, his family was upset. I thought with the testimony at the sentencing of Officer Romig that it was clear that he had cooperated to the extent that that side of the courtroom thought that ten years was acceptable and appropriate.
> And the 22 years, approximately, was shocking to him, me, and his family. And his family began – everybody began to talk all at once in the back of the courtroom.

Tr. II at 30.

### III.     CONCLUSION

As discussed above, plea counsel should have filed a notice of appeal after Melendez explicitly asked him to. Plea counsel's failure to do so amounts to ineffective assistance of counsel. Even in the alternative, plea counsel was ineffective in not consulting with Melendez about whether he wished to appeal his sentence, considering Melendez's obvious demonstration of an intent to pursue an appeal. The court will deny the government's motion to dismiss and grant Melendez's amended section 2255 motion insofar as it claims ineffective assistance of counsel for failure to file a notice of direct appeal. To allow Melendez to file the appeal, the court will reinstate the judgment of conviction. The court will also deny without prejudice the other ineffective assistance of counsel claims contained in Melendez's amended section 2255 motion, as they are properly brought on direct appeal or in another section 2255 if Melendez is unsuccessful on direct appeal.

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.